ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JULIE D. GARCIA (CABN 288624)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6758
    FAX: (415) 436-7234
    Julie.Garcia@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-369 RS |
| Plaintiff, | UNITED STATES' MEMORANDUM RE: RESTITUTION |
| v. | Hearing Date: April 24, 2018 |
| PHAITHONG EDWARD SAIYAKHOM, | Time: 2:30 pm |
| Defendant. | |

UNITED STATES' MEMORANDUM RE: RESTITUTION

1

## I. INTRODUCTION

On March 20, 2018, the Court sentenced defendant Phaithong Edward Saiyakhom to 30 months' imprisonment and three years of supervised release for a violation of 18 U.S.C. § 2261A(2)(A) - Stalking. At the parties' request, and as authorized by 18 U.S.C. §§ 2264(b)(2) and 3664(d)(5), the Court set a hearing for April 24, 2018, to address the issue of restitution. For the reasons set forth below, the Court should now order Mr. Saiyakhom to pay $10,850 in restitution to the Victim.

## II. STATUTORY FRAMEWORK

Title 18, United States Code, § 2264, enacted as part of the 1994 Violence Against Women Act, provides for mandatory restitution for victims of domestic violence and stalking. 18 U.S.C. § 2264(a). It directs the Court to order the defendant to pay the victim "the full amount of the victim's losses," including any costs incurred for "(A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorneys' fees, plus any costs incurred in obtaining a civil protection order; and (F) any other losses suffered by the victim as a proximate result of the offense." *Id.* § 2264(a)(3).

An order of restitution under § 2264 "shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A," the Mandatory Victims Restitution Act. 18 U.S.C. § 2264(b)(2). Thus, the government has the burden of proving that the defendant's conduct proximately caused the victim's losses, as well as the amount of those losses, by a preponderance of the evidence. *Id.* §§ 2264(b)(2), 3364(e); *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014).

The Court "may not decline to issue an order under [§ 2264] because of (i) the economic circumstances of the defendant; or (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." *Id.* § 2264(b)(4)(B). Instead, "[i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation . . . ." 18 U.S.C. § 3664(j)(1).

//

UNITED STATES' MEMORANDUM RE: RESTITUTION

2

## III. DISCUSSION

As set forth in the PSR and the Government's Sentencing Memorandum (Dkt. 33), and as discussed at the sentencing on March 20, 2018, Mr. Saiyakhom terrorized the Victim for years, bombarding her with thousands of harassing and threatening emails and texts, tracking her location using secret GPS devices, stalking her in person at her home and workplace, and threatening her and her family with deportation. The Victim has now submitted several restitution requests relating to losses proximately caused by the defendant's actions.

### A. The Victim is entitled to restitution for the legal fees associated with obtaining a temporary restraining order against the defendant.

The parties agree that the Victim is entitled to $2,500 in restitution for the costs of legal services associated with obtaining a temporary restraining order against Mr. Saiyakhom. *See* 18 U.S.C. § 2264(a)(3) (providing for mandatory restitution for "attorneys' fees, plus any costs incurred in obtaining a civil protection order"). The Victim submitted documentation of these expenses, and the government understands that the defendant does not object to an order of restitution in this amount.

### B. The Victim is entitled to restitution for future medical costs.

The parties also agree that the Victim is entitled to $5,400 for future medical costs. *See United States v. Laney*, 189 F.3d 954, 967 (9th Cir. 1999) (costs of future therapy recoverable in restitution). In particular, the Victim submitted documentation from her psychologist recommending that the Victim continue to receive weekly psychotherapy for six months ($3,600) and that she also receive on a bi-weekly basis a form of therapeutic massage designed to reduce the physical symptoms of trauma ($1,800). The government understands that the defendant does not object to an order of restitution in this amount.

### C. The Victim is entitled to restitution for past medical costs.

The Victim has also requested restitution of $1,140 in past medical costs related to psychotherapy and has submitted an invoice from her psychologist for this amount. The government understands that the defendant objects to the inclusion of these expenses in the restitution order because the documentation does not make clear who paid the invoice.

UNITED STATES' MEMORANDUM RE: RESTITUTION
3

## III. DISCUSSION

As set forth in the PSR and the Government's Sentencing Memorandum (Dkt. 33), and as discussed at the sentencing on March 20, 2018, Mr. Saiyakhom terrorized the Victim for years, bombarding her with thousands of harassing and threatening emails and texts, tracking her location using secret GPS devices, stalking her in person at her home and workplace, and threatening her and her family with deportation. The Victim has now submitted several restitution requests relating to losses proximately caused by the defendant's actions.

### A. The Victim is entitled to restitution for the legal fees associated with obtaining a temporary restraining order against the defendant.

The parties agree that the Victim is entitled to $2,500 in restitution for the costs of legal services associated with obtaining a temporary restraining order against Mr. Saiyakhom. *See* 18 U.S.C. § 2264(a)(3) (providing for mandatory restitution for "attorneys' fees, plus any costs incurred in obtaining a civil protection order"). The Victim submitted documentation of these expenses, and the government understands that the defendant does not object to an order of restitution in this amount.

### B. The Victim is entitled to restitution for future medical costs.

The parties also agree that the Victim is entitled to $5,400 for future medical costs. *See United States v. Laney*, 189 F.3d 954, 967 (9th Cir. 1999) (costs of future therapy recoverable in restitution). In particular, the Victim submitted documentation from her psychologist recommending that the Victim continue to receive weekly psychotherapy for six months ($3,600) and that she also receive on a bi-weekly basis a form of therapeutic massage designed to reduce the physical symptoms of trauma ($1,800). The government understands that the defendant does not object to an order of restitution in this amount.

### C. The Victim is entitled to restitution for past medical costs.

The Victim has also requested restitution of $1,140 in past medical costs related to psychotherapy and has submitted an invoice from her psychologist for this amount. The government understands that the defendant objects to the inclusion of these expenses in the restitution order because the documentation does not make clear who paid the invoice.

As an initial matter, by submitting the invoice for therapy costs totaling $1,140 and requesting restitution in the full amount of $1,140, the Victim has effectively asserted that she did, indeed, pay the full amount herself. In an abundance of caution, however, the government has requested that the Victim submit a written statement verifying that she made these payments herself, and the government will submit any additional materials to the Court and defense counsel as soon as they are received. In addition, the government understands that the Victim plans to attend the restitution hearing, so the Court may inquire about the payment of these expenses at that time.

Even assuming that these expenses were paid by the Victim's insurance or some other source, that would not justify a reduction in the restitution award; it would simply require that the restitution for this amount be paid to the person or organization that made the payment. *See* 18 U.S.C. § 3664 ("If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation . . . .").

### D. The Victim is entitled to restitution for the costs of Uber Pools to and from the BART station.

As set forth in the PSR and the government's Sentencing Memorandum, Mr. Saiyakhom sent the Victim emails that suggested he was watching her and knew about different locations she had visited. *See, e.g.*, PSR ¶ 11. On two occasions, the Victim found GPS tracking devices on her car, which she believed Mr. Saiyakhom had installed. PSR ¶¶ 8, 19. On other occasions, the Victim returned to her car—parked at the BART station from which she commuted—to find notes that Mr. Saiyakhom had left for her, including one particularly terrifying message that read only, "You forgot to lock your door." *See* Dkt. 33 (Govt.'s Sentencing Memo.) at Ex. K. The Victim was so frightened that she sold her car, moved to another residence, and began using a car-sharing service to get to and from BART rather than driving her own car that she feared could be tracked. PSR ¶¶ 8, 24-25. Law enforcement later determined that the Victim was right: Mr. Saiyakhom had installed two GPS devices on the Victim's car and had been receiving the tracking information on his phone. PSR ¶¶ 8, 17.

The Victim has now submitted a request for $1,810 in restitution for the money she spent taking

UNITED STATES' MEMORANDUM RE: RESTITUTION
4

Uber Pools (a type of carpool service) to and from the BART station rather than driving her own car. The Victim explained in her request that the receipts were "an example of [her] expenses that [she had] every morning to go to work" because she felt that she was unable to park her car at the BART station. ES-002872. In a letter to the Court, she explained: "I have spent a lot of money on my personal safety. In order for [the defendant] to not kill me, I am currently using UBER to go to work. I cannot leave my vehicle in any public parking lot while working because I am very afraid [the defendant] will place another GPS in my car just like he did [on] two previous occasions or do something to my car so I can get into an accident." ES-002873.

Had the defendant not stalked and harassed the Victim, she could have continued to commute to work using her own car. Thus, Mr. Saiyakhom's stalking, and in particular his repeated GPS tracking of the Victim's car, was the proximate cause of the Victim's increase in commuting costs. The Court should order the defendant to pay restitution to the Victim in the amount of $1,810.

### E. More information is needed regarding the Victim's remaining restitution requests.

The Victim has also requested restitution related to certain medical copays, three months' lost wages, one month's rent and a down payment for a new apartment, and a theft from a storage unit where she apparently was storing personal items after moving residences.

The government acknowledges that there is currently insufficient information to demonstrate by a preponderance of the evidence that the defendant's actions proximately caused these losses, and the government has therefore requested additional information from the Victim. If the Victim provides such information prior to the hearing, the government will promptly provide it to the Court and defense counsel. The government will then confer with defense counsel regarding whether the parties can adequately address any additional information from the Victim at the hearing (and potentially in supplemental briefing), or whether the hearing should be continued briefly to permit the parties sufficient time to address any outstanding issues. Under 18 U.S.C. § 3664(d)(5), the restitution hearing may take place up to 90 days after sentencing, which in this case would be June 18, 2018.

//

//

## IV. CONCLUSION

For the reasons set forth above, the Court should order defendant Phaithong Edward Saiyakhom to pay the Victim $10,850 in restitution.

DATED: April 17, 2018   Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

_____/s/_____
JULIE D. GARCIA
Assistant United States Attorney